UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X Case No. JUDGE STANTON

DERRELL SMITH, on behalf of himself individually and all others similarly situated

08 CV 0499

Plaintiff,

-against-

CLASS ACTION
COMPLAINT

ASSET ACCEPTANCE LLC



JAN 1 8 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Defendant.

------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

PARTIES

2. Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, § 1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. § 1692a (6), with its principal place of business in Delaware and with its Registered Agent CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That on or about February 17, 2007 the defendant sent a collection letter to the plaintiff in New York City in an attempt to collect an alleged debt incurred for personal purposes to Dell Financial Services. Plaintiff received said letter in New York City. A copy of said letter is attached as Exhibit "1".

7. That, upon information and belief, defendant was not licensed as a debt collector by the New York City Department of Consumer Affairs when it sent said collection letter to plaintiff, and defendant was therefore attempting to collect a debt in violation of New York City Administrative Code § 20-490, and while under an order from a New York City Administrative Law Judge to cease debt collection. That such conduct on the part of defendant is unlawful and deceptive.

8. On information and belief, defendant finally secured a license to operate as a debt collector in New York City only after the sending of the aforesaid letter.

9. That defendant's said attempt to collect a debt is in violation of the FDCPA, including but not limited to § § § 1692e(5) and 1692e(10) and 1692f.

## AS AND FOR A SECOND CAUSE OF ACTION

10. Plaintiff re-alleges paragraphs 1-9 as if fully re-stated herein.

11. That the aforesaid letter states, in pertinent part:

"We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report."

Said language threatens various actions in which defendant does not engage. Defendant merely lists the fact that the debt is placed for collection or is in collection on the debtor's credit report. Defendant does not report late payments, missed payments or such other defaults on plaintiff's credit report. Said language therefore threatens action that cannot legally be taken or is not intended to be taken. By reason of the foregoing, defendant is in violation of the FDCPA, including but not limited to § § § 1692e(5) and 1692e(10) and 1692f.

## AS AND FOR A THIRD CAUSE OF ACTION

12. Plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13. That by reason of the defendant's aforesaid violations of the FDCPA the plaintiff was confused and suffered stress, anxiety and emotional distress.

## CLASS ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons whom defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 17, 2007; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt purportedly owed to Dell Financial

Services; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§§ 1692e(5), 1692e(10), and 1692f.

16. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by unlawfully attempting to collect debts in New York City without a debt collection license from the New York City Department of Consumer Affairs.

(C) The only individual issue is the identification of the consumers who received the letter (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are

consistent with those of the members of the class.

17. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

18. That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

19. That communications from debt collectors, such as that sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

20. That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

21. That defendant violated the FDCPA. Defendant's violations include, but are not limited to:

(a) unlawfully attempting to collect debts without a debt collection license from the New York City Department of Consumer Affairs in violation of a court

order and the FDCPA, including but not limited to §§§ 1692e(5), 1692e(10) and 1692f;

(b) threatening to take an action that cannot legally be taken or that is not intended to be taken; and

(c) causing plaintiff confusion, stress, anxiety and emotional distress by reason of the foregoing violations.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k ; and

(d) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       January 11, 2008.

                                      */s/ Novlette R. Kidd*
                                   NOVLETTE R. KIDD, ESQ. (NK2552)
                                   FAGENSON & PUGLISI
                                   Attorneys for Plaintiff
                                   450 Seventh Avenue, Suite 3302
                                   New York, New York 10123
                                   Telephone: (212)268-2128

# EXHIBIT "1"

# Asset Acceptance LLC

Toll Free: 800-398-8814 Ext.
LOCAL: 480-403-6400
LOCAL OFFICE: Phoenix, AZ

February 17, 2007

First Notice

RE: DELL FINANCIAL SERVICES
ORIGINAL ACCT#: 9811940015111910016
ASSET ACCEPTANCE LLC ACCT#: 32059102
BALANCE PAST DUE: $2204.09

Dear DERRELL SMITH:

It is our pleasure to welcome you as a new customer of Asset Acceptance LLC. Your account with the above mentioned creditor has been purchased and is now owned by Asset Acceptance LLC. In order to insure proper credit for any payments it is necessary that all future payments and inquiries be made to:

ASSET ACCEPTANCE LLC
PO Box 2036
Warren, MI 48090-2036

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

PAUL NOLAN – Phone: Toll Free 800-398-8814 Ext.
Debt Collector
Asset Acceptance LLC

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report..
  See Reverse Side for Important Information Regarding Your Privacy Rights.

IONASSE018100AACAZ

***Detach Lower Portion and Return with Payment***

PO Box 2039
Warren MI 48090-2039

ADDRESS SERVICE REQUESTED

Asset Acceptance LLC Account #: 32059102
Balance Past Due: $2204.09

February 17, 2007

#BWNHKKF
#0000000320591027#   441139 38447   32059102-8100

**ASSET ACCEPTANCE LLC**
PO Box 2036
Warren MI 48090-2036

DERRELL SMITH
2773 University Ave
Apt 1
Bronx NY 10468-2603